**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ DEC 22 2008 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTICT COUNTY OF KINGS

---

PATRICIA WEBB

                      *PLAINTIFF,*

-Against-

THE CITY OF NEW YORK, THE CITY OF NEW YORK POLICE DEPARTMENT, POLICE OFFICER, "PEDRO A. RODRIGUEZ SHIELD #28987, POLICE OFFICERS "GEORGE ROWE" SHIELD #29940, UNKNOWN, POLICE OFFICERS JOHN DOES and JANE DOES 1 Through 50 OF THE 75TH PCT (intended to designate those officers involved in the arrest and assault upon plaintiff whose names and shield numbers are unknown to plaintiff; individually and as Police Officers

                      *DEFENDANTS.*

CIVIL ACTION
VERIFIED COMPLAINT

**08 5145**

JURY TRIAL DEMANDED

AMON, J.
J. ORENSTEIN, M.J.

---

Plaintiff, Patricia Webb, by and through **her** attorney Elena K. Makau, complaining of the defendants, alleges:

## JURISDICTION AND VENUE

1. This action arises under the Constitution of the United States, particularly the Fourth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. Sections 1983 and 1988.

2. The jurisdiction of this Court is invoked under the provisions of 28 U.S.C. Section 1331 and 1334, and supplemental jurisdiction over plaintiff's causes of actions under the Constitution and Laws of the State of

2

New York is invoked under the provisions of 28 U.S.C. Section 1367.

3. Venue is placed in this county because it is where all the parties reside, work, or hold their principal place of business, and where the events complained of occurred.

4. Upon information and belief, defendant City of New York (hereinafter "City") is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

5. That the City of New York Police Department (hereinafter "NYPD") is a subdivision thereof.

6. That defendant police officer Pedro A. Rodriguez, shield No. 28987 (hereinafter "Rodriguez"), police officer George Rowe, shield No. 28987 unknown (hereinafter "Rowe") and police officers John Does and Jane Does 1 through 50 were and still are employed by defendants "City" and "NYPD."

7. That heretofore and on the **19th** day of **December, 2007**, a Notice of Claim was duly served upon defendants "City", "NYPD."

8. That the Notice of Claim was duly served upon the defendants within ninety (90) days after the cause of action of the plaintiff accrued.

3

9.  That more than thirty (30) days have elapsed since the service of the Notice of Claim upon defendant.

10. That defendants and its Comptroller have failed, neglected and refused to pay, settle compromise, or adjust the claim.

11. That this action has been commenced within one year and ninety days after the cause of action of the plaintiff accrued.

12. Upon information and belief, the defendants "Rodriguez," "Rowe" John Does and Jane Does 1-50 (hereinafter "Police Officers"), were and still are police officers of the NYPD in the County, City and State of New York and at all times hereinafter mentioned were acting under "color of law" within the scope of their duties and employment under grant of authority given by defendants the City of New York and the City of New York Police Department.

13. Defendant police officers acted under "color of law" to effect and enforce defendants "City," and "NYPD's" custom and practice known as "Zero Tolerance" or Quality of Life" police enforcement.  Said policy, custom and practice instructs, trains, promotes and encourages police officers to engage in over zealous and abusive practices in affecting arrest.  Said

policy also results in the unwarranted, unlawful arrest of law abiding citizens. Specifically, police officers are urged to strenuously enforce every minor offense on the books and to make their presence "felt" in the community with this type of enforcement. This practice has resulted in a sharp increase in police brutality and constitutional violations against citizens, and minorities in particular, including plaintiff herein.

14. That defendants "City" and "NYPD" failed to properly train, manage, and supervise defendants "Rodriguez," "Rowe" John Does 1-50 and Jane Does 1-50 to perform as New York City police officers, and further failed to properly instruct said employees in the enforcement of the so called "Quality of Life"/"Zero Tolerance" enforcement policy or to develop same as a sound practice, and are therefore responsible for the culpable acts of defendants police officers. Defendant "City" and "NYPD" negligently managed and directed the conduct of defendant officers, having a duty to properly manage and direct same, and are also thereby liable to plaintiff for the damages plaintiff sustained.

15. On September 29, 2007, in the course of being

5

unlawfully, wrongfully assaulted and battered Plaintiff by agents, servants, and/or employees of the defendants, NYPD and the City of New York and more specifically, Rodriguez and Rowe by members of the 75th precinct including Police Officers "JOHN DOES" 1-50 and "JANE DOES" 1-50.

16. On **September 29, 2007** at approximately **11:00 pm** Plaintiff was removed from **Wyona Street and Hegeman Street, Brooklyn, New York** by police officers and ambulance and taken to **Brookdale University Hospital.**

**FEDERAL CAUSE OF ACTION**

**FIRST CAUSE OF ACTION (UNREASONABLE FORCE)**

17. Plaintiff incorporate by above referenced paragraph as if fully set forth here and further alleges as follows:

18. Said conduct of defendants was an unlawful, unreasonable use of force that deprived plaintiff, named class plaintiff and class members of rights, privileges and immunities secured under the First, Fourth, Fifth and Fourteenth Amendments of the United States Constitution in violation of 42 U.S.C. Section 1983.

6

**SECOND CAUSE OF ACTION (FALSE IMPRISONMENT)**

19. Plaintiff, incorporate above referenced paragraphs as if fully set forth here and further allege as follows:

20. The plaintiff, was unlawfully imprisoned for over a period of time during which time plaintiff was deliberately denied medical attention and sustenance by defendants.

21. Said confinement of plaintiff, was done with the knowledge, approval and acquiescence of defendants Bloomberg, Kelly, and other unknown defendant supervisory police officers present at the scene.

22. Plaintiff, was falsely imprisoned by defendant police officers in the presence of and with the approval, acquiescence, and ratification of defendants and other defendant supervisory police officers.

23. As a direct and proximate result of the foregoing actions, said defendants deprived plaintiff of plaintiff's rights, privileges and immunities secured by the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution in violation of 42 U.S.C. Section 1983.

**THIRD CAUSE OF ACTION (MONELL - POLICY ISSUES)**

24. The plaintiff incorporate above referenced paragraphs as if fully set forth here and further alleges as follows:

7

25. The actions of defendants were in furtherance of a policy and custom of overly aggressive policing created and established by the defendants City and Police Department acting through defendants Bloomberg, Kelly, and other defendant police officials.

26. The said policy and custom of overly aggressive policing had reflected itself in a substantial increase of a number of complaints against agents of said defendants for excessive force and other forms of police brutality, including attacks minorities.

27. Alternatively, the actions of defendants were conducted in violation of a policy and custom which defendants City and Police Department had in effect at the said time of avoiding aggressive policing, especially in racial settings.

28. The actions of defendants resulted from the failure of defendants City and Police Department to adopt a policy to provide safeguards and cautions prior to police involvement with minority groups and religious institutions, and this failure to establish such a policy, in part, caused the injuries alleged by said plaintiff.

29. The actions of defendants were also the result of the adoption by the defendant City and Police Department of a policy of mobilizing police officers for para-military type operations, without proper safeguards to insure that such mobilizations were called only when

necessary to maintain public order and that the constitutional rights of plaintiff was not violated.

30. Defendants City and Police Department, as a matter of policy and practice, have with deliberate indifference failed to sanction or discipline police officers, including some of the defendant police officers involved herein, and were aware of and subsequently concealed violations of the constitutional rights of the residents of the City by other police officers, thereby causing and encouraging police, including defendants herein, to continue to engage in unlawful conduct.

31. Said policies, practices and customs of defendants City and Police Department complained of, as well as their omission, deprived said plaintiff of plaintiff's rights and immunities secured by the First, fourth, Fifth and Fourteenth amendments to the United States Constitution in violation of 42 U.S.C. Section 1983.

**FOURTH CAUSE OF ACTION (MONELL - HIRING, TRAINING AND SUPERVISION)**

32. The plaintiff incorporate above referenced paragraphs as if fully set forth here and further allege as follows:

33. The actions of defendants were the result of a policy and custom of not properly screening employees of defendants City, and Police Department especially as

9

to deeply held racial antagonisms.

34. The actions of defendants were the result of a policy and custom of defendants City and Police Department of failing to train defendant police officers properly.

35. The actions of defendants were the result of a policy and custom of defendants City and Police Department of failing to properly supervise defendant police officers in the use of excessive force.

36. The actions of defendants were the result of a policy and custom of defendants City and Police Department of failing to discipline and retrain defendant police officers who had engaged in prior acts of excessive force, engaged in racially motivated misconduct and were psychologically unfit for duty.

37. The injuries suffered by said plaintiff was the result of the failure of defendants City and Police Department to properly screen, train, and supervise its supervisory officers and officials in maintaining control over individual police officers who engage in excessive force and in monitoring their subordinates to insure that said subordinates did not engage in physical misconduct or otherwise violate the rights of the residents of the City of New York.

38. The policies, practices and customs of defendants City and Police Department complained of herein, deprived said plaintiff of plaintiff's rights and immunities secured by the First, Fourth, Fifth and Fourteenth

Amendments to the United States Constitution in violation of 42 U.S.C. Section 1983.

**CAUSE OF ACTION (DENIAL OF MEDICAL ATTENTION)**

39. Plaintiff incorporate above reference paragraphs as if fully set forth here and further alleges as follows:

40. The refusal of defendants to provide plaintiff with medical care or to permit plaintiff to obtain medical care and the interference with plaintiff who was being attended to by the defendant employees of defendant EMS constituted a deliberate indifference to the medical needs of said plaintiff.

41. The refusal by defendants to provide plaintiff with prompt medical attention deprived plaintiff of rights secured by the Fifth and Fourteenth Amendments to the United States Constitution and is actionable under 42 U.S.C. Section 1983.

**SIXTH CAUSE OF ACTION (EQUAL PROTECTION)**

42. Plaintiff incorporate above referenced paragraphs as if fully set forth here and further allege as follows:

43. Motivated by racial animus, defendants used racial slurs against said plaintiff and made derogatory comments to said plaintiff regarding

44. Said actions of defendants deprived said plaintiff of plaintiff's right to equal protection under the law as secured by the Fourteenth Amendment to the United States constitution, rendering said defendants liable

11

under 42 U.S.C. Section 1983.

**SEVENTH CAUSE OF ACTION (RATIFICATION BY SUPERVISORS)**

45. The plaintiff incorporates above referenced paragraphs as if fully set forth here and further allege as follows:

46. The defendant supervisory police officers who were present at the scene of the events complained of herein, and those defendants who were not present but in communication with those who were on the scene, were aware of the unconstitutional acts of the defendant police officers and failed to take steps to stop or prevent those acts.

47. As a result of the failure of said defendants to act, they ratified, acquiesced in and approved of the unconstitutional actions of said defendant police officers.

48. Said conduct of defendant supervisors violated the rights and immunities of said plaintiff as secured by the First, Fourth and Fourteenth Amendments to the United States Constitution in violation of 42 U.S.C. Section 1983.

**EIGHTH CAUSE OF ACTION (RATIFICATION BY FELLOW OFFICERS)**

49. The plaintiff incorporate above referenced paragraphs as if fully set forth here and further allege as follows:

50. During the incident complained of, individual defendant police officers observed the indiscriminate excessive abuse and unlawful beating of the plaintiff by their fellow defendant police officers but failed to intervene to prevent those and other acts of misconduct from occurring.

51. As a result of the failure of said defendant police officers to act, they ratified, acquiesced in and approved of the unconstitutional acts of their fellow defendant police officers.

52. Said conduct of defendant police officers violated the rights and immunities of said plaintiff as secured by the First, Fourth, Fifth and Fourteenth amendments to the United States Constitution in violation of 42 U.S.C. Section 1983.

**NINTH CAUSE OF ACTION (ASSAULT AND BATTERY )**

53. Plaintiff incorporate above referenced paragraphs as if fully set forth here and further allege as follows:

54. The actions of defendants, and each of them, were intentional and malicious and were committed with wanton disregard for the rights of the plaintiff.

55. The actions of defendants, and each of them, were unjustified and unnecessary in the performance of their duties and were unreasonable, unwarranted and excessive uses of force.

56. The actions of defendants, and each of them,

constituted unlawful assaults and batteries upon said plaintiff.

57. Defendants, and each of them, acted in concert and conspired to commit said assaults and batteries upon said plaintiff.

58. As a direct and proximate result of said conduct, plaintiff, sustained serious and severe injuries, both physical and mental, economic loses and were each damaged in the amount of One Million dollars. Additionally, said plaintiff, has suffered special damages in the form of medical expenses and lost wages and will suffer additional special damages in the future.

59. Said conduct of defendants was so wanton, willful and reckless and in total disregard for the public health as to warrant the imposition of punitive damages in the amount of Ten Million Dollars, in addition to compensatory damages.

**TENTH CAUSE OF ACTION (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)**

60. Plaintiff incorporate above referenced paragraphs as if fully set forth here and further allege as follows:

61. The actions of defendants, and each of them, were extreme and outrageous and constituted an intentional infliction of emotional distress upon said plaintiff.

62. Defendants, and each of them, intentionally inflicted

said emotional distress upon said plaintiff through a deliberate and malicious campaign of harassment and intimidation.

63. Defendants, and each of them, acted in concert and conspired to commit said intentional infliction of emotional distress upon said plaintiff.

64. As a direct and proximate result of said intentional infliction of emotional distress, said plaintiff suffered serious emotional and psychological injuries, and was damaged in the amount of $750,000. Additionally, said plaintiff has suffered special damages in the form of medical expenses and lost wages and will suffer additional special damages in the future.

65. Said conduct of defendants was so wanton, willful and reckless and in total disregard for the public health as to warrant the imposition of punitive damages in the amount of Ten Million Dollars, in addition to compensatory damages.

**ELEVENTH CAUSE OF ACTION (NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS)**

66. Plaintiff incorporates above referenced paragraphs as if fully set forth here and further allege as follows:

67. The actions of defendants, and each of them, constituted a negligent infliction of emotional distress upon said plaintiff.

68. Defendants, and each of them, carelessly and negligently inflicted said emotional distress through a wanton and reckless campaign of harassment and intimidation.

69. Defendants, and each of them, acted in concert and conspired to commit said negligent infliction of emotional distress upon said plaintiff.

70. As a direct and proximate result of said negligent infliction of emotional distress, said plaintiff suffered serious emotional and psychological injuries and was damaged in the amount of $750,000. Additionally, said plaintiff has suffered special damages in the form of medical expenses and lost wages and will suffer additional special damages in the future.

71. The said conduct of defendants was so wanton, willful and reckless and in total disregard for the public health as to warrant the imposition of punitive damages in the amount of Ten Million Dollars, in addition to compensatory damages.

**TWELVETH CAUSE OF ACTION (NEGLIGENCE)**

72. The plaintiff, incorporate above referenced paragraphs as if fully set forth here and further allege as follows:

73. Defendants City, and Police Department were careless in the hiring, training, supervision,

16

discipline and control of individual defendants and others whose conduct is complained of herein.

74. Defendants City, and Police Department were careless in failing to have in place policies, procedures, rules and regulations to prevent the type of racial confrontation which is alleged above, and in failing to terminate it swiftly, and in having policies which encouraged said conduct, and in failing to adhere to existing policies, procedures, rules and regulations.

75. Defendants City and Police Department were negligent in employing and retaining brutal, dangerous, incompetent, vicious and racially biased police officers, whom they knew or should have known were dangerous and a menace to the residents of the City of New York.

76. As a direct and proximate result of said negligence said plaintiff suffered serious injuries, both physical and mental, economic losses and was damaged in the amount of $1,750.000. Additionally, said plaintiff has suffered special damages in the form of medical expenses and lost wages and will suffer additional special damages in the future.

77. Said conduct of defendants was so wanton, willful and reckless and in total disregard for the public health as to warrant the imposition of punitive damages in the he amount of Ten Million Dollars, in addition to

compensatory damages.

**THIRTEENTH CAUSE OF ACTION (PRIMA FACIE TORT)**

78. Plaintiff incorporate above referenced paragraphs as if fully set forth here and further allege as follows:
79. The actions of defendants, and each of them, were willful without reasonable or probable cause and without legal or social justification.
80. The actions of defendants, and each of them, were performed with the deliberate intent of injuring plaintiff.
81. The actions of defendants, and each of the, constituted a prima facie tort upon plaintiff.
82. As a result of said prima facie torts, plaintiff sustained special damages in the form of medical bills inability to transact business, expenses incurred in the amount of Two Million Dollars.
83. Said conduct of defendants was so wanton, willful and reckless and in total disregard for the public health as to warrant the imposition of punitive damages in the amount of Ten Million Dollars, in addition to compensatory damages.

**PRAYER FOR RELIEF**

WHEREOFRE, plaintiff demands the following relief, jointly and severally, against all defendants:

    a. Compensatory damages for plaintiff in the amount

of Two Million Dollars;

    b. Punitive damages against individual and supervisory defendants

    c. An award of attorneys' fees and costs pursuant to 42 U.S.C. Section 1988;

    d. Interest, costs and disbursements;

    Such further relief as this Court deems necessary, just and proper.

**A JURY TRIAL IS HEREBY DEMANDED**


Dated:   October 29, 2008

_____
Elena K. Makau, Esq.,
26 Court Street, Suite 603
Brooklyn, New York 11242
Tel:   (718) 643-1922

INDIVIDUAL VERIFICATION

STATE OF NEW YORK )
                  )    SS:
COUNTY OF KINGS   )

**Patricia Webb**, being duly sworn, deposes and says, that deponent is the Plaintiff in the within action; that deponent has read the foregoing Complaint and know the contents hereof; that the same is true to deponent's own knowledge, except as to the matters therein stated to be alleged upon information and belief, and that as to those matters deponent believes them to be true.

_Patricia Webb_
**Patricia Webb**

Sworn to before me this
29 day of October, 2008

_____
Notary Public

ELENA K. MAKAU
Notary Public, State of New York
No. 02MA5007568
Qualified in Kings County
Commission Expires Feb. 1, 2011