UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
PATRICIA WEBB,

    Plaintiff,

    -against-

CITY OF NEW YORK, et al.,

    Defendants.
-------------------------------------------------------X

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**

08-CV-5145 (CBA) (JO)

AMON, United States District Judge:

Plaintiff Patricia Webb ("Webb") moves to reopen this case pursuant to Rules 60(b)(1) and (6) of the Federal Rules of Civil Procedure. This case was dismissed with prejudice on August 19, 2009, after this Court received a Report & Recommendation ("R&R") from the Hon. James Orenstein, United States Magistrate Judge, recommending dismissal for lack of prosecution pursuant to Federal Rule of Civil Procedure 41(b). No party objected and this Court adopted the Magistrate Judge's recommendation. Nearly a year later, Webb, represented by new counsel, seeks relief from that judgment, arguing in sum that Webb's former attorney was grossly negligent and never informed her of any of the proceedings or court orders in this case. For the reasons set forth below, Webb's motion under Rule 60(b) is denied.

## BACKGROUND

Webb has not been well served by her attorneys. This action was commenced on December 22, 2008 by filing of a complaint alleging that various New York City police officers violated Webb's constitutional rights by, *inter alia*, falsely imprisoning her and using unreasonable and excessive force against her. (ECF No. 1). Although the complaint was signed

1

by Elena K. Makau, Esq. ("Makau") and her name appeared as the attorney of record on the docket, Makau apparently submitted the complaint on behalf of Webb's true attorney, Damien M. Brown, Esq. ("Brown"), who, according to Makau, was not yet admitted in the Eastern District of New York.[1] (See Mot. to Be Removed as Counsel, ECF No. 12.) ("Makau Mot.") According to Makau, she and Brown shared office space and occasionally covered court appearances for one another, without compensation, as a matter of "collegial courtes[y]". Id. at ¶¶ 4-7. As a courtesy to Brown, Makau permitted him to commence Webb's action under Makau's name in December 2008, with the understanding that Brown would become the attorney of record as soon as he was admitted to the Eastern District. Brown never filed a substitution of attorneys as promised, although the original filing contained his email address so he would have received notice of all orders in the case.[2] (Makau Mot. at ¶¶ 10-12); (Compl., Attachment 1 at 2; ECF No. 1-1.)

It appears that Brown never took any actions on behalf of his client, and he never responded to any court orders. On April 23, 2009, Magistrate Judge Orenstein issued an order noting that "there has been no activity in this case since the complaint was filed on December 22, 2008" and stating that he would issue a recommendation that the case be dismissed unless one of the parties responded by May 23, 2009. (ECF No. 2). No response was received, and on June 1, 2009, the City moved to dismiss pursuant to Federal Rule of Civil Procedure 4(m) and the April 23 Order. (ECF No. 3). On June 2, 2009, the Magistrate Judge ordered Webb to respond to the

---

[1] A review of court records reflects that Brown was admitted to the Eastern District of New York on December 10, 2008.

[2] Makau was not retained by Webb. Had her actions resulted in the dismissal of this case, relief under Rule 60(b) might be appropriate. It is clear, however, that it was Webb's retained attorney's conduct that resulted in the dismissal of this action, not Makau's.

2

City's motion in writing by June 4, 2009. (ECF No. 4). No response was received, and on June 9, 2009, the Magistrate Judge ordered plaintiff to effect service of the complaint by June 24, 2009. On July 17, 2009, the City again moved to dismiss the complaint, (ECF No. 4), and on July 23, 2009, the Magistrate Judge issued a Report & Recommendation ("R&R") recommending that the case be dismissed with prejudice for failure to prosecute. (ECF No. 5). No objections were received and this Court adopted the R&R on August 19, 2009. (ECF No. 6). According to her new counsel, Webb never knew about these orders, and Brown told her the case was proceeding normally.

After this Court dismissed Webb's case with prejudice for failure to prosecute, Webb obtained new counsel, Casilda E. Roper-Simpson, Esq. ("Roper-Simpson"). On February 4, 2010, Roper-Simpson commenced a new action on Webb's behalf, with an identical complaint to the case at bar. See Webb v. City of New York, No. 10-CV-678 (NGG)(LB)(E.D.N.Y.) (the "678 Action"). The City of New York (the "City") subsequently filed a letter motion to dismiss and moved for sanctions against Roper-Simpson for failing to investigate that this action had already been dismissed with prejudice. Prior to any decision on the City's motion, the parties executed a stipulation of voluntary dismissal ("the Stipulation"). The Stipulation agreed to dismiss, with prejudice, "all of [Webb's] claims against [the defendants in this action], and to release the defendants . . . from any and all liability, claims, or rights of action that were or could have been alleged by [Webb] arising out of the events alleged in the complaint in this action . . . ." (Modafferi Aff., Ex. "D", ECF No. 17.) The Hon. Nicholas G. Garaufis, United States District Judge, so ordered the Stipulation on April 14, 2010 and the case was closed.

Roper-Simpson now moves this Court by Order to Show Cause pursuant to Rule 60(b)(1)

3

and (6) for an order granting relief from the August 19, 2009 judgment dismissing the complaint for failure to prosecute. She argues that Brown was negligent in failing to prosecute Webb's case, that Webb did not contribute to the negligence of her attorneys and was not at fault for the failure to prosecute, and that Webb was misled by her former attorney to believe that her case was progressing appropriately on the occasions when she called to inquire about the status of the case. (Pl. Mem. at 7.) The City responds that an attorney's negligence, even gross negligence, does not constitute a basis for relief under Rule 60(b)(1) or (6). The City further argues that the Stipulation in the 678 Action provides a separate basis to deny the Rule 60(b) motion presently before the Court.

## DISCUSSION

Rule 60(b) permits a court, in its discretion, to rescind or amend a final judgment or order in certain limited circumstances, stating in pertinent part:

> On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . ; (3) fraud . . ., misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, . . .; or (6) any other reason justifying relief from the operation of the judgment.

Rule 60(b) is intended to "strike[] a balance between serving the ends of justice and preserving the finality of judgments." Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986) (citations omitted). The Second Circuit has cautioned that the Rule may "not be used as a substitute for a timely appeal" and that cases should not "be lightly reopened." Id.; see also United States v. Cirami, 563 F.2d 26, 33 (2d Cir. 1977) ("[C]ourts should not encourage the reopening of final judgments or casually permit the relitigation of litigated issues out of a friendliness to claims of

4

unfortunate failures to put in one's best case.") Rather, the rule constitutes "extraordinary judicial relief" and should be "invoked only upon a showing of exceptional circumstances." Nemaizer, 793 F.2d at 61; see also Mendell In Behalf of Viacom, Inc. v. Gollust, 909 F.2d 724, 731 (2d Cir. 1990). Whether to grant a Rule 60(b) motion is within the discretion of the district court. Nemaizer, 793 F.2d at 61-62.

### 1. Rule 60(b)(1)

Relief from counsel's error is usually sought pursuant to Rule 60(b)(1) "on the theory that such error constitutes mistake, inadvertence or excusable neglect." Nemaizer, 793 F.2d at 62; see also Hill v. World Class Automotive Corp., No. 06-CV-2496 (SLT)(RLM), 2008 WL 4809445, at *3 (E.D.N.Y. Nov. 4, 2008) ("Where, as here, an attorney's incompetence or neglect is the asserted basis for relief, the motion more properly arises under Rule 60(b)(1)."). The Second Circuit, however, has "consistently declined to relieve a client under subsection (1) of the 'burdens of a final judgment entered against him due to the mistake or omission of his attorney by reason of the latter's ignorance of the law or other rules of the court, or his inability to efficiently manage his caseload.'" Nemaizer, 793 F.2d at 62 (citations omitted); see also Batac Development Corp. v. B&R Consultants, Inc., No. 98 Civ. 721 (CSH), 2000 US Dist. LEXIS 3695, at *11 (S.D.N.Y. Mar. 22, 2000) ("[I]t is clear in this circuit that a litigant cannot find shelter in [Rule 60(b)(1)] from the errors of his chosen counsel."). The generally accepted rationale for this principle is that "a person who selects counsel cannot thereafter avoid the consequences of the agent's acts or omission." Nemaizer, 793 F.2d at 62 (citing Link v. Wabash R.R. Co., 370 U.S. 626, 633-34 (1962)). Instead, "an attorney's actions, whether arising from neglect, carelessness or inexperience, are attributable to the client, who has a duty to protect his

5

own interests by taking such legal steps as are necessary." Nemaizer, 793 F.2d at 62-63. Accordingly Rule 60(b)(1) provides no relief to Webb based on assertions that her counsel acted negligently on her behalf.

The City also argues that the Stipulation in the 678 Action provides an independent basis for denial of the Rule 60(b) motion. This Stipulation would be dispositive of plaintiff's motion and require its rejection but for Roper-Simpson's astounding admissions at oral argument that she filed the 678 Action without informing Webb and agreed to dismiss that action with prejudice without Webb's knowledge or consent. (7/30/10 Tr. at 25-26). This admission that counsel lacked any authority to either bring this case or to enter into a stipulation dismissing her client's claims with prejudice might well provide a basis for relief from that stipulation. See Nemaizer v. Baker, 793 F.2d 58, 62 (2d Cir. 1986) (suggesting in dicta that an allegation "that former counsel lacked authority to enter into [a] stipulation" dismissing claims with prejudice might provide an avenue for relief under Rule 60(b)(1)). Nonetheless, even in the absence of the Stipulation, Webb would need to overcome the underlying dismissal with prejudice of her original complaint. As noted, Webb is not entitled to such relief under Rule 60(b)(1). Because, for the reasons that follow, Webb's motion as it currently stands also fails under Rule 60(b)(6), this Court need not determine whether Webb can obtain relief from the Stipulation.

**2. Rule 60(b)(6)**

Rule 60(b)(6) provides that relief may be granted for "any other reason justifying relief from the operation of the judgment." Despite the broad wording of subsection (6), it is properly invoked only for "extraordinary circumstances or where the judgment may work an extreme and undue hardship." In re Emergency Beacon Corp., 666 F.2d 754, 759 (2d Cir. 1981) (internal

6

citations omitted). The Second Circuit has "consistently indicated a reluctance" to "accept the proposition that when counsel's conduct shows *gross* negligence relief to a client may be afforded under Rule 60(b)(6)." Nemaizer, 793 F.2d at 63 (emphasis in original); see also Stefanopoulos v. City of New York, No. 01-CV-0771 (SJ), 2007 U.S. Dist. LEXIS 3324, at *8 (E.D.N.Y. Jan. 17, 2007) ("[I]t is well settled in this Circuit that an attorney's gross negligence is not a basis for relief under Rule 60(b)(6)."); Batac, 2000 U.S. Dist. LEXIS 3695, at *14-15 ("The Second Circuit has not approved the gross negligence of counsel as a ground for setting aside a judgment under Rule 60(b)(6).").

Nonetheless, although exceedingly rare, it is not impossible for a lawyer's failures to constitute "extraordinary circumstances." Harris v. U.S., 367 F.3d 74, 81 (2d Cir. 2004). To qualify for relief under Rule 60(b)(6), the attorney's failures must be "so egregious and profound that they amount to the abandonment of the client's case altogether, either through physical disappearance or constructive disappearance." Id. (internal citations omitted). For instance, in United States v. Cirami, 563 F.2d 26, 32 (2d Cir. 1977), plaintiffs were able to obtain relief under Rule 60(b)(6) from a default judgment entered after their attorney failed to oppose the government's motion for summary judgment. The Cerami plaintiffs submitted various detailed affidavits establishing that their prior counsel had defaulted as a result of a mental disorder that prevented him from completing work promised to clients. They submitted evidence that the Bar Association had brought charges against the attorney as a result of his inability to complete required work, and obtained letters from a psychologist who had treated him. Id. at 31. In affidavits submitted by the plaintiffs, evidence was presented that one of the plaintiffs was "frequently inquiring about the status of his lawsuit and was met on each occasion by assurances

7

from his attorney, relayed by his accountant, that the matter was in hand." Id. at 34. It was only after a default judgment was entered against them that they discovered that, in fact, their attorney had failed to represent them. Id. On the basis of all the evidence in the record, the Second Circuit determined that counsel's behavior amounted to "constructive disappearance" in that, because of his mental disorder, he "neglect[ed] almost completely his clients' business while at the same time assuring them that he was attending to it, and who made himself unavailable even to the trial judge." Id.

In this case, the description of Brown's grossly negligent conduct suggests that he never took any action on behalf of his client once the complaint was filed. Nonetheless, the record as it currently stands does not provide a basis upon which this Court could find that Brown had either physically or "constructively" disappeared. For instance, no one has provided this Court with an explanation for Brown's behavior. The record reflects only that "[f]or reasons that remain unclear Mr. Brown has chosen to try to distance himself from this case" and that "Mr. Brown has very clearly chosen to distance himself as much as possible from this action at this point." (7/30/10 Tr. at 10, 11). Although counsel's papers state that "[o]ver the period of time that Mr. Brown has represented Ms. Webb, he continued to inform[] her that the matter was proceeding fine," (Order to Show Cause at 4, ECF No. 8), there is no affidavit from Webb, Brown, or anyone else that would explain Brown's conduct or Webb's attempts to obtain information from him. Absent such evidence in the record, Webb has not established "extraordinary circumstances" that warrant relief pursuant to Rule 60(b)(6).

8

CONCLUSION

For the reasons set forth above, Webb's Rule 60(b) motion is denied without prejudice. The record, as it currently stands, does not furnish grounds to vacate the final judgment in this case pursuant to Rule 60(b).

SO ORDERED.

Dated:   Brooklyn, New York
         August 20, 2010

s/CBA

Carol Bagley Amon
United States District Judge