UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
PATRICIA WEBB,

                Plaintiff,

   -against-

THE CITY OF NEW YORK et al.,

               Defendants.
------------------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
08-CV-5145 (CBA)

AMON, Chief United States District Judge:

      The City of New York moves for reconsideration of this Court's September 26, 2011 order granting Patricia Webb's motion to vacate the final judgment dismissing her case with prejudice for failure to prosecute. For the following reasons, the Court denies the City's motion to reconsider.

**STANDARD OF REVIEW**

      A motion for reconsideration brought pursuant to Local Rule 6.3 "will only be granted if the moving party presents factual matters or controlling decisions the court overlooked that might have materially influenced its decision." Ocello v. City of N.Y., No. 05-cv-3725, 2008 WL 2827424, at *5 (E.D.N.Y. July 21, 2008) (citing Pereira v. Aetna Casualty & Surety Co. (In re Payroll Express Corp.), 921 F. Supp. 1121, 1123 (S.D.N.Y. 1996). "The major grounds justifying reconsideration are an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" Montblanc-Simplo GmbH v. Colibri Corp., 739 F. Supp. 2d 143, 147 (E.D.N.Y. 2010) (quoting Codero v. Astrue, 574 F. Supp. 2d 373, 379-80 (S.D.N.Y. 2008)).

      "'A motion for reconsideration may not be used to advance new facts, issues or arguments not previously presented to the Court, nor may it be used as a vehicle for relitigating

1

issues already decided by the Court.'" Id. (quoting Davidson v. Scully, 172 F. Supp. 2d 458, 461 (S.D.N.Y. 2001)); see Torres v. Carry, 672 F. Supp. 2d 346, 349 (S.D.N.Y. 2009) ("Rule 6.3 should not be used to advance theories that were not previously argued."). Furthermore, to the extent that a motion for reconsideration relies on new evidence, "the movant must demonstrate that the newly discovered evidence could not have been discovered 'with reasonable diligence' prior to the court's ruling." Tatum v. City of N.Y., No. 06-cv-4290, 2009 WL 976840, at *1 (S.D.N.Y. April 9, 2009) (quoting Fed. R. Civ. P. 60(b)(2)). "Ultimately, the decision of whether to grant a motion for reconsideration rests within the sound discretion of the district court." Metso Minerals, Inc. v. Powerscreen Intern. Distribution Ltd., 722 F. Supp. 2d 316, 320 (E.D.N.Y. 2010).

## DISCUSSION

The City of New York asserts two grounds for its motion for reconsideration: (1) there is new evidence concerning the negligence of Webb's attorney that was unavailable at the time of the original motion; and (2) the Court's prior ruling contradicts controlling precedent.

**I.    New Evidence**

The Court's order vacating the final judgment against Webb for failure to prosecute rested on the Court's finding that Webb's attorney, Damien Brown, Esq., abandoned his client's case, despite assuring her that it was proceeding smoothly. Now, the City attempts argue that Mr. Brown was not in fact Webb's attorney, but that Casilda Roper-Simpson, Esq., represented Webb, and that her negligence in the handling of Webb's case cannot justify relief under Rule 60(b)(6). In support of this argument, the City submits (1) an affidavit from the City's counsel, Matthew Modafferi, in which he describes a phone conversation he had with Mr. Brown on October 5, 2011 (9 days after the Court issued its order); (2) a retainer agreement for legal

2

services signed by Patricia Webb and Ms. Roper-Simpson; and (3) a grievance filed by Webb against Ms. Roper-Simpson, in which Webb states that she believed her attorneys were Mr. Brown and Ms. Roper-Simpson, and complains that Ms. Roper-Simpson was not working on her case.

The Court declines to consider the new argument advanced by the City. At no time prior to this motion has the City argued that Mr. Brown was not Webb's attorney, and a motion for reconsideration is not the appropriate vehicle for raising new theories that were not previously argued. Torres, 672 F. Supp. 2d at 349. Moreover, while the City asserts that the evidence of Ms. Roper-Simpson's representation of Webb was only discovered after the Court issued its original order on this motion, the City has not offered a single reason for why that "newly discovered evidence could not have been discovered 'with reasonable diligence' prior to the court's ruling." Tatum, 2009 WL 976840, at *1. The retainer agreement submitted by the City was signed in 2007, and presumably could have been tracked down long before now had the City diligently pursued this theory.

In any event, even if the Court were to consider the retainer agreement presented by the City on reconsideration, it does not establish that Mr. Brown was never Webb's attorney, but only indicates that Ms. Roper-Simpson may also have been retained. The Court declines as well to rely on the hearsay assertions of Mr. Brown. He has not stated under oath the facts attributed to him, in particular the dubious assertion that he was "exonerated" by the Grievance Committee.

## II. Controlling precedent

The City also argues that the Court's opinion is inconsistent with controlling Second Circuit precedent. Specifically, the City argues that the Second Circuit's decision in United States v. Cirami, 563 F.2d 26 (2d Cir. 1977), permits a district court to find that an attorney

3

constructively abandoned his client *only* upon a showing that the attorney was mentally ill or otherwise incapacitated.

The Court notes that its original opinion expressly considers the Second Circuit's decision in Cirami in analyzing Webb's motion to vacate the final judgment dismissing her case. However, Cirami does not stand for the proposition that only mental illness can constitute "constructive abandonment," but rather holds that mental illness is an example of the rare circumstances under which constructive disappearance may provide a basis for Rule 60(b)(6) relief. The Court recognizes that Rule 60(b)(6) relief is warranted based on an attorney's conduct only under exceptional circumstances, but for the reasons explained in its September 26, 2011 order, finds that such circumstances have been demonstrated here.

The City's motion for reconsideration is denied.

SO ORDERED.

Dated: Brooklyn, New York
November 16, 2011

/s/
Carol Bagley Amon
Chief United States District Judge