```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------X   Case No. 08 CV 5145
PATRICIA WEBB,                                      (CBA)(JO)

                  Plaintiff

-against-



THE CITY OF NEW YORK, THE CITY OF NEW
YORK POLICE DEPARTMENT, POLICE
OFFICER PEDRO A. RODRIGUEZ, SHIELD
#28987,

                  Defendants
-------------------------------------X   AMENDED COMPLAINT
```

Plaintiff, by her attorneys, LAW OFFICES OF K.C. OKOLI, P.C., complaining of the defendants, alleges upon information and belief, as follows:

JURISDICTION AND VENUE

1. Jurisdiction is founded upon the existence of a Federal Question.

2. This action is brought pursuant to the Civil Rights Act, 42 U.S.C. §1983. The jurisdiction of the Court is invoked to secure the protection and redress the violation of rights guaranteed to plaintiff by the Fourth and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of the Court over these claims is founded on 28 U.S.C. §§1331 and 1343.

4. This Court has supplemental jurisdiction over the

related state claims or causes of action pleaded herein, pursuant to 28 U.S.C. §1367.

5. Venue is proper in this district based upon the fact that the events or omissions giving rise to the claims asserted herein occurred within the district.

6. On or about December 19, 2007, plaintiff duly served a upon the City of New York, a Notice of Claim relative to the state law claims asserted herein, pursuant to the General Municipal Law.

7. More than 30 days have elapsed since the service of said Notice of Claim, and the defendants have neglected or refused to make any adjustment or payment thereof.

8. This action is commenced within one year and 90 days from the accrual of the state causes of action pleaded herein. of Claim upon the County of Suffolk with regard to the state claims.

PARTIES

9. At all times hereinafter mentioned, plaintiff, PATRICIA WEBB, ("WEBB" or "Plaintiff"), was a resident of the County of Kings, City and State of New York.

10. WEBB is a 70 year-old grandmother, having been born on August 13, 1941.

11. At all times relevant to this action, WEBB who stands 5 feet 5 inches tall, weighed approximately 145 pounds.

12. Upon information and belief, at all times hereinafter mentioned, defendant the CITY OF NEW YORK ((hereinafter, "City")

is a municipal corporation established under and by virtue of the laws of the State of New York.

13. At all times hereinafter mentioned, the City maintained, operated, controlled and supervised a police department, the New York City Police Department, (hereinafter, "NYPD").

14. At all times hereinafter mentioned, defendant Police Officer PEDRO A. RODRIGUEZ ("RODRIGUEZ"), was a police officer within the NYPD.

15. At all times hereinafter mentioned, the NYPD employed police officers who performed law enforcement duties for and on behalf of the City within the City's territorial limits, including RODRIGUEZ.

16. At all times hereinafter mentioned, the individual defendant RODRIGUEZ, was acting in the course and within the scope of his employment as an agent or employee of the City.

17. At all times hereinafter mentioned, RODRIGUEZ was acting under color of the statutes, ordinances, regulations, customs and usages of the NYPD, the City and State of New York, and under the authority of their offices as police officers.

## FACTUAL ALLEGATIONS

18. On or about September 27, 2007, at approximately 11:00 P.M., Plaintiff was lawfully present on her street, Wyona Street, located in Brooklyn, New York. in the vicinity of Wyona Street and Hegeman Street, in Brooklyn, New York.

19. While present there, Plaintiff observed 2 or 3 police officers near the intersection of Wyona Street and Hegeman Street, talking to Shameik, her grandson, who was sitting inside his vehicle, apparently looking for something inside the vehicle glove compartment.

20. There were other residents of Wyona Street on the street at that time because a street block party was just about coming to an end.

21. Plaintiff then approached the vehicle and asked Shameik if he needed any assistance, and a police officer ordered Shameik out of the vehicle.

22. Police officers who were then present began yelling to the crowd, something like "Everyone move down the block" just about the time WEBB politely asked RODRIGUEZ what her grandson, Shameik, had done.

23. Without responding to WEBB's question and without any provocation, RODRIGUEZ punched WEBB in the stomach and pushed her hard on her shoulders that WEBB landed against a nearby fence.

24. Plaintiff was subsequently taken in an ambulance to Brookdale University Medical Center where she was treated for her injuries.

25. Plaintiff was eventually diagnosed with blunt trauma to the abdomen, fracture of the lumbar vertebrae, lumbago, adjustment disorder and depression, among others.

26. WEBB has since continued to undergo medical and

psychological treatment to the present time.

## COUNT 1: 42 U.S.C. §1983
## FOURTH AMENDMENT EXCESSIVE FORCE

27. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "26" as if fully set forth herein.

28. RODRIGUEZ violated plaintiff's civil and constitutional rights under the Fourth Amendment by his **use of excessive force** in responding to WEBB's reasonable inquiry concerning her grandson.

29. By reason of the foregoing, WEBB has suffered loss and damage.

## COUNT II: COMMON LAW ASSAULT AND BATTERY

30. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "29" as if fully set forth herein.

31. RODRIGUEZ intentionally punched, pushed, battered and otherwise assaulted WEBB without any lawful justification.

32. Plaintiff did not consent to said offensive physical contact by RODRIGUEZ with WEBB's person.

33. By reason of the foregoing, RODRIGUEZ committed common law assault and battery upon WEBB.

34. WEBB has thereby suffered loss and damage.

35. At all times mentioned herein, RODRIGUEZ was acting in the course and within the scope of his employment as an employee of the City.

36. City is liable RODRIGUEZ' assault and battery upon WEBB on a theory of *respondeat superior*.

37. Jury trial is demanded for all matters triable by jury.

**WHEREFORE,** Plaintiff requests that the Court grant the following reliefs:

a)   On COUNT I, compensatory damages in the sum of TWO MILLION DOLLARS ($2,000,000.00);

b)   On COUNT II, compensatory damages in the sum of TWO MILLION DOLLARS ($2,000,000.00);

c)   Punitive damages in the sum of ONE HUNDRED THOUSAND DOLLARS ($100,000.00), against RODRIGUEZ.

d)   Attorney's fees, together with costs, and such other or further relief as to this Court shall seem just and proper in the circumstances.


Dated:   New York, New York
         January 24, 2012


                              LAW OFFICES OF K.C. OKOLI, P.C.
                              Attorneys for Plaintiff
                              PATRICIA WEBB
                              330 7TH Avenue, 15th Floor
                              New York, New York 10001

```
                (212) 564-8152


                /s/ K.C. Okoli
          BY:_____
                K.C. Okoli, Esq.
```